```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

| | |
|---|---|
| **JOHNNY JONES, JR.** | * |
| | * |
|     **Plaintiff,** | * |
| | * |
| vs. | *   CIVIL ACTION 03-00707-CG-B |
| | * |
| **MICHAEL J. ASTRUE,**[1] | * |
| **Commissioner of Social** | * |
| **Security,** | * |
| | * |
|     **Defendant.** | * |

## ORDER

This matter, which is before the Court on Petitioner's Petition For Authorization of Attorney Fees pursuant to 42 U.S.C. § 406(b) (Doc. 22) and Defendant's Response thereto (Doc. 24), was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the <u>Federal Rules of Civil Procedure</u>.  Upon consideration of all pertinent materials contained in this file, it is recommended that the Petition for Authorization of Attorney Fees (Doc. 22) be **GRANTED.**

**I.   Findings Of Fact**

    1.   On September 18, 2001, Plaintiff retained Petitioner, Byron A. Lassiter, attorney at law, to represent him before the

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the <u>Federal Rules of Civil Procedure</u>, he has been substituted for Jo Anne B. Barnhart, as the Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Social Security Administration regarding his claim for a period of disability, disability insurance benefits and supplemental security income benefits.  (Doc. 22).

2.   On October 22, 2003, Plaintiff entered into a contingency fee agreement with Petitioner which provided that Plaintiff agreed to pay an attorney's fee equal to twenty-five percent (25%) of any accumulated past-due benefits paid to him in the event of the successful prosecution of his claim.  (Id. at Ex. C).

3.   Plaintiff's claims were denied initially and on August 28, 2002, Administrative Law Judge David R. Murchison entered an unfavorable decision.  (Id. at ¶ 2).  On September 13, 2002, Petitioner, on behalf of Plaintiff, timely requested review of ALJ Murchison's decision by the Appeals Council; however, on August 23, 2003, the Appeals Council denied the request for review.  (Id. at ¶ 3).

4.   On October 22, 2003, Plaintiff filed this action seeking judicial review of a final decision of the Commissioner of Social Security denying his claim.  (Doc. 1).

5.   On February 23, 2004, Plaintiff filed his proposed report and recommendation (Doc. 9), and on May 7, 2004, Defendant filed an unopposed motion to remand (Doc. 12).

6.   This action was then referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and on May 18, 2004, the undersigned recommended that this matter be

reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with Defendant's motion to remand.  (Doc. 13).

7.   On June 10, 2004, Chief United States District Judge Callie V.S. Granade, adopted the report and recommendation, and entered a Rule 58 judgment, reversing and remanding this matter to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g), making Plaintiff a prevailing party under the Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Docs. 14, 15).

8.   On February 7, 2005, this matter was remanded by the Appeals Council to the Office of Hearings and Appeals for further proceedings.  (Doc. 22 at ¶ 6).  A supplemental hearing concerning Plaintiff's claim was scheduled to be held on August 5, 2005, before ALJ Murchison; however, Plaintiff failed to appear.  (Id.) ALJ Murchison issued a show cause order on August 12, 2005, and due to an inability to contact Plaintiff, Petitioner withdrew as counsel from the case on August 17, 2005.  (Id.)  ALJ Murchison ultimately awarded Plaintiff benefits and found that Plaintiff was disabled since April 1, 2005, and thus, entitled to benefits under Titles II and XVI of the Social Security Act.  (Id.)

9.   Petitioner received a copy of Plaintiff's Notice of Award, dated June 29, 2006, which did not explicitly state the amount of benefits awarded to Plaintiff.  (Id. at ¶ 8 and Exhibit B).  After communicating with the Social Security Administration,

Petitioner received confirmation that 25% of Plaintiff's past-due benefits amounted to $1,498.25, such that Plaintiff's past-due benefits amounted to $5,993.00.  (Id.)

10.   Petitioner requests that the amount of $1,489.25 be approved as an attorney's fee for legal services rendered to Plaintiff before this Court, which is also be consistent with the agreement reached between Petitioner and Plaintiff. (Doc. 22 at ¶ 9 and Exhibit C).  Petitioner states that no attorney's fee was paid to him for legal representation of Plaintiff at the administrative level, in that Petitioner withdrew from Plaintiff's representation just prior to the conclusion of the case.  (Id.)

11.   Petitioner has submitted an itemized statement delineating 11.80 hours spent representing Plaintiff before this Court, as well as sufficiently detailing his representation efforts.   (Doc. 22 at Ex. A).   As a result of the work by Petitioner in federal court, Plaintiff received the amount of $5,993.00 in retroactive Title II benefits, as well as future benefits for so long as he remains disabled.  (Id. at ¶ 12.d.).

12.   As noted supra, Petitioner represented Plaintiff on a contingency fee basis. (Id. at Ex. C).  Petitioner's customary fee for representing a claimant before this Court is twenty-five percent (25%) of the accumulated retroactive benefits awarded to Plaintiff in the event of the successful prosecution of the claim. (Id.)  The amount requested, $1,498.25, is not more than twenty-

five percent (25%) of Plaintiff's past due benefits of $5,993.00.

13.  On December 28, 2006, Defendant filed its response to Petitioner's authorization for contingency fees, stating that it would not object to Petitioner's request for a Section 406(b) fee award in the case in the amount of $1,498.25, which represents 25% of Plaintiff's past due benefits, subject to an offset of $1,475.00 in attorney's fees awarded under the Equal Access to Justice Act ("EAJA").  (Doc. 24).

## II.  Conclusions Of Law

### A.  Governing Law

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).[2]  Section 406(b) "does not invalidate all contingent fee arrangements--it merely sets their upper limit--and because such arrangements effectuate congress's objective of securing adequate representation for social security claimants, a

---

[2] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the Secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 370 (2d Cir. 1990).

The Eleventh Circuit previously applied the "lodestar method," under which the number of hours reasonably devoted to the action was multiplied by a reasonable hourly fee, to be the starting point and centerpiece for the courts in calculating reasonable Section 406(b) fees.  The existence of a contingent-fee agreement was just one of a number of factors to be considered in adjusting the lodestar amount upward or downward.  Kay v. Apfel, 176 F.3d 1322, 1324-1327 (11th Cir. 1999), abrogated by Gisbrecht v. Barnhart, 535 U.S. 789 (2002).  In Gisbrecht, the Court held that Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead [the section] instructs courts to review for reasonableness fees yielded by those agreements."  Gisbrecht, 535 U.S. at 809.  Gisbrecht specifically rejected the lodestar method of determining fees, stating that it is "unlikely that Congress, legislating in 1965, and providing for a contingent fee tied to a 25 percent of past-due benefits boundary, intended to install a lodestar method courts did not develop until some years later." Id. at 805-806.  The Court then stated as follows:

> . . . . Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable

6

>results in particular cases. [] Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp. V). [] Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . . .

Id. at 807 (footnotes omitted).

In Gisbrecht, the Court did not specifically delineate the factors that district courts should consider when determining the reasonableness of the contingency fee arrangement, but did cite, with approval, an approach used to evaluate reasonableness by several circuits:

>Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved . . . . If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court . . . . If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order . . . . In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases . . . . Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

Gisbrecht, 535 U.S. at 808 (citations omitted). From this, it appears that the Supreme Court intends that the lower courts give

great deference to the contingency fee arrangement, and uphold such arrangements unless the fees produced by them are found to be unreasonable. A contingent fee arrangement is unreasonable where the contingency percentage is over the 25 percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney. Wells, 907 F.2d at 372. Factors that may be considered in reviewing for reasonableness include: 1) the character of representation; 2) the result achieved by the attorney; 3) any delay caused by the attorney; 4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; 5) fraud or overreaching in making the agreement; and 6) the requested fee does not exceed 25 percent of past-due benefits. Gisbrecht, 583 U.S. at 808-809.

   B.  **Discussion**

Petitioner has presented an itemized statement showing that 11.80 hours were spent on this case pursuing Plaintiff's claim in federal court, and requests an award of $1,498.25, which represents the balance remaining of twenty-five percent (25%) of back benefits in the amount of $5,993.00 awarded to Plaintiff. (Doc. 22). A review of the Petition for Authorization of Attorney's Fees, supporting documentation, and the file, all reflect that Petitioner has represented Plaintiff since September 18, 2001, and has been successful in obtaining past due benefits for him. (Id.) While

the record is devoid of any evidence or argument that this case involved any novel or difficult questions of law or fact, Petitioner presented sufficient evidence to convince the Court that the agency's unfavorable decision should be remanded for further proceedings, and on remand, obtained a fully favorable decision on Plaintiff's behalf following a supplemental hearing before the ALJ. Additionally, according to Petitioner, he has successfully prosecuted numerous cases on behalf of Social Security claimants, and his experience increased the likelihood of a favorable outcome for Plaintiff. (Doc. 22). The undersigned finds that the total fee requested does not exceed twenty-five percent (25%) of the past-due benefits and comports with Plaintiff's contingent fee agreement with Petitioner. Therefore, upon consideration of the foregoing, the undersigned finds that the requested fee of $1,498.25 is not so large as to be a windfall and is reasonable for the services rendered.

### III.   Conclusion

Accordingly, the undersigned recommends authorization of attorney's fees, to Petitioner, in the amount of **$1,498.25** as a reasonable fee for services rendered before this Court, said amount representing the remaining balance of twenty-five percent (25%) of the total past-due benefits of **$5,993.00** awarded Plaintiff. The undersigned further recommends entry of an Order directing Petitioner to disburse to Plaintiff the sum of **$1,475.00,** which was

previously awarded pursuant to the EAJA.[3]

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **1st** day of **March, 2007.**

                                                         **/s/ SONJA F. BIVINS**
                                                    **UNITED STATES MAGISTRATE JUDGE**

---

[3] When an attorney obtains a fee award under the EAJA, and subsequently obtains a fee award under the Social Security Act, the attorney must return the smaller of the two to the plaintiff. See Section 206 of Pub. L. No. 96-481, as amended by Pub. L. No. 99-80, § 3, Aug. 5, 1985, 99 Stat. 186, which states as follows:

> (b) Section 206(b) of the Social Security Act [42 U.S.C. § 406(b)] . . . shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code.  Section 206(b) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   Objection.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

      A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   Opposing party's response to the objection.  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   Transcript (applicable where proceedings tape recorded).  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                             <u>  /s / SONJA F. BIVINS  </u>
                                             **UNITED STATES MAGISTRATE JUDGE**

11